IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) **KEITH COLLIER, AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF RUTHIE COLLIER**, <br><br> Plaintiff, <br><br> vs. <br><br> 2) **AMERICAN GREETINGS CORP.**, <br><br> Defendant. | Civil Action Number 10-CV-625-JHP-FHM <br><br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Kevin Collier, as the personal representative of the estate of Ruthie Collier and all others similarly situated, seeks to recover life insurance benefits American Greetings wrongfully received upon the death of Ruthie Collier and other American Greetings' employees and retirees. The Plaintiff asks to maintain this suit as a class action.

### Jurisdiction

1. The court has jurisdiction over these claims under 28 U.S.C. § 1332 because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is appropriate in this district because American Greetings is subject to personal jurisdiction in the Northern District of Oklahoma. 28 U.S.C. § 1391 (a).

### The Parties

2. Kevin Collier is the representative of the Estate of Ruthie Collier, deceased. Ruthie Collier was an hourly-wage, rank-and-file employee of American Greetings prior to her death. She died on May 14, 1995 while residing in Oklahoma County, Oklahoma. She died

intestate and was survived by, among others, Kevin Collier, her son, who is the duly appointed personal representative of her estate.

3. American Greetings Corporation ("American Greetings") is an Ohio corporation headquartered in Cleveland, Ohio. Its principle place of business is One American Road, Cleveland, Ohio 44144.

### AMERICAN GREETINGS SECRETLY INSURED THE LIVES OF ITS EMPLOYEES AND NAMED ITSELF POLICY BENEFICIARY

4. On a date currently unknown to the Plaintiff, American Greetings bought insurance policies on the lives of several thousand American Greetings' employees and designated itself as the beneficiary.

5. The policies, often known as "dead peasant" insurance, covered American Greetings' rank-and-file employees. The policies were not "key man" insurance and the benefit amounts bore no relationship to the employees' value to American Greetings.

6. American Greetings kept the policies in place even after the employee no longer worked for it. If an employee quit, retired, left on disability, or was fired, the policy on his or her life remained in force.

7. American Greetings never informed its rank-and-file employees about the policies on their lives and did not ask them to consent to the insurance.

### AMERICAN GREETINGS IMPROPERLY COLLECTED POLICY BENEFITS WHEN ITS EMPLOYEES DIED

8. When employees and former employees covered by the policies died, American Greetings, either directly or through an entity it created and controlled, collected the policy benefits.

9. The Plaintiff believes, and therefore alleges, that American Greetings insured Ruthie Collier's life and collected the policy benefits when she passed away.

### THE ESTATE OF RUTHIE COLLIER IS ENTITLED TO THE CERTIFICATION OF A PLAINTIFF CLASS AND RECOVERY OF THE POLICY BENEFITS AMERICAN GREETINGS RECEIVED FROM HER DEATH

10. OKLA. STAT. tit 36 § 3604 (A) states that "no person shall procure or cause to be procured any insurance contract upon the life or body of another individual unless the benefits under the contract are payable to the individual insured or a personal representative, or to a person having, at the time when the contract was made, and insurable interest in the individual insured." Statutes enacted in Alaska, Arizona, Hawaii, Louisiana, Montana, Nevada, New Mexico, South Dakota, Washington and Wyoming are identical. *See* Alaska STAT. § 21.42.020 (a); ARIZ. REV. STAT. § 20-1104 (A); HAW. REV. STAT. § 431:10-204 (b); LA. REV. STAT. § 22:613 (A); MONT. CODE ANN. § 33-15-201 (1); NEV. REV. STAT. § 687B.040 (1); N.M. STAT. ANN. § 59A-18-4 (A); S.D. CODIFIED LAWS § 58-10-3; WASH. REV. CODE § 48.18.030 (1); WYO. STAT. ANN. § 26-15-102 (a). Texas has adopted the same rule at common law. The benefits of American Greetings' policies were not payable to the insured persons or their personal representatives. Thus, the policy benefits could only be payable to one having an insurable interest.

11. Under OKLA. STAT. tit 36 § 3604 (C), an insurable interest exists only in close relatives or when "a lawful and substantial economic interest in having the life, health, or bodily safety of the individual insured continue, as distinguished from an interest which would arise only by, or would be enhanced in value by, the death, disability or injury of the individual insured." Statutes enacted in Alaska, Arizona, Hawaii, Louisiana, Montana, Nevada, New Mexico, South Dakota, Washington and Wyoming are identical. *See* Alaska STAT. § 21.42.020

(d) (2); ARIZ. REV. STAT. § 20-1104 (C) (2); HAW. REV. STAT. § 431:10-202 (a) (2); LA. REV. STAT. § 22:613 (C) (2); MONT. CODE ANN. § 33-15-201 (3) (b); NEV. REV. STAT. § 687B.040 (3) (b); N.M. STAT. ANN. § 59A-18-4 (C) (2); S.D. CODIFIED LAWS § 58-10-4 (2); WASH. REV. CODE § 48.18.030 (3) (b); WYO. STAT. ANN. § 26-15-102 (c) (ii). Texas has adopted the same rule at common law.

12. In the absence of an insurable interest defined by statute, OKLA. STAT. tit 36 § 3604 (B) gives the insured person's representative a right of action to recover the benefits paid under the policy to the unlawful beneficiary. Statutes enacted in Alaska, Arizona, Hawaii, Louisiana, Montana, Nevada, New Mexico, South Dakota, Washington and Wyoming are identical. *See* Alaska STAT. § 21.42.020 (b); ARIZ. REV. STAT. § 20-1104 (B); HAW. REV. STAT. § 431:10-204 (c); LA. REV. STAT. § 22:613 (B); MONT. CODE ANN. § 33-15-201 (2); NEV. REV. STAT. § 687B.040 (2); N.M. STAT. ANN. § 59A-18-4 (B); S.D. CODIFIED LAWS § 58-10-5; WASH. REV. CODE § 48.18.030 (2); WYO. STAT. ANN. § 26-15-102 (b). Texas has adopted the same rule at common law.

13. American Greetings did not have an insurable interest in Ruthie Collier or its other rank-and-file employees in Oklahoma, Alaska, Arizona, Hawaii, Louisiana, Montana, Nevada, New Mexico, South Dakota, Texas, Washington or Wyoming. American Greetings never obtained its employees' written consent to the insurance on their lives. To the contrary, it never informed its employees about the insurance or that American Greetings would receive the policy benefits upon their deaths.

14. Because American Greetings did not have an insurable interest in the employees' lives, and because they did not obtain a valid consent to obtain such insurance, the policies violated the laws of Oklahoma, Alaska, Arizona, Hawaii, Louisiana, Montana, Nevada, New

4

Mexico, South Dakota, Texas, Washington and Wyoming. Under OKLA. STAT. tit 36 § 3604 (B), the Estate of Ruthie Collier is entitled to all of the benefits American Greetings received from the policy on her life. The estates of others similarly situated are likewise entitled to those benefits under Alaska STAT. § 21.42.020 (b); ARIZ. REV. STAT. § 20-1104 (B); HAW. REV. STAT. § 431:10-204 (c); LA. REV. STAT. § 22:613 (B); MONT. CODE ANN. § 33-15-201 (2); NEV. REV. STAT. § 687B.040 (2); N.M. STAT. ANN. § 59A-18-4 (B); S.D. CODIFIED LAWS § 58-10-5; WASH. REV. CODE § 48.18.030 (2) and WYO. STAT. ANN. § 26-15-102 (b) and Texas common law.

15. Under OKLA. STAT. tit 36 § 3604 (B), identical statutes enacted in Alaska, Arizona, Hawaii, Louisiana, Montana, Nevada, New Mexico, South Dakota, Washington and Wyoming, and Texas common law, the estates of American Greetings' employees or former employees who died while insured by one of the policies is entitled to all of the death benefits American Greetings received from the policies on their decedents' lives. The Plaintiff requests certification of a class comprised of these estates. The requested plaintiff class meets the prerequisites of a class action under FED. R. CIV. P. 23(a) and is maintainable under FED. R. CIV. P. 23 (b) (3).

16. As soon as practicable, the Plaintiff asks the Court to certify this case as a class action. *See* FED. R. CIV. P. 23(c).

### DISCOVERY RULE, FRAUDULENT CONCEALMENT AND EQUITABLE ESTOPPEL

17. American Greetings never informed its employees that American Greetings would itself receive policy benefits when the covered employees died. Instead, American Greetings concealed this information from its employees.

5

18. In the case Cause No. 08-cv-410, *Havenstrite v. Hartford Life Ins. Co.*, in the U.S. District Court for the Northern District of Oklahoma, American Greetings testified that it did not obtain signatures from employees demonstrating their consent to the insurance policies, did not have the employees sign applications for the policies, and took no steps to notify employees of its intention to insure their lives.

19. The Plaintiff did not learn, and had no reason to know, that American Greetings had insured Ruthie Collier's life and received policy benefits from her death until June of 2010 when he received a notice of class action settlement in the *Havenstrite* case. The notice of class action settlement provided the Plaintiff, for the first time, with information which allowed him to conclude that American Greetings may have received policy benefits as a result of Ruthie Collier's death.

20. American Greetings concealed the existence of the policies on its employees' lives by violating Oklahoma law. OKLA. STAT. tit. 36, § 3607 is entitled "Application required" and states:

> No life or accident and health insurance contract upon an individual, except a contract of group life insurance or of group or blanket accident and health insurance, shall be made or effectuated unless at the time of the making of the contract the individual insured, being of competent legal capacity to contract, applies therefore or consents thereto, except in the following cases:
>
> 1. A spouse may effectuate such insurance upon the other spouse.
>
> 2. A person having an insurable interest in the life of a minor, or any person upon whom a minor is dependent for support and maintenance, may effectuate insurance upon the life of or pertaining to such minor.
>
> 3. Any person having an insurable interest in the life of a person who is legally incompetent to consent to such insurance may effectuate such insurance upon such person.

6

American Greetings has already testified that its employees never applied for the policies on their lives. American Greetings violated virtually-identical laws in Alaska, Arizona, Hawaii, Louisiana, Montana, Nevada, New Mexico, South Dakota, Washington and Wyoming. *See* Alaska STAT. § 21.42.090; ARIZ. REV. STAT. § 20-1107; HAW. REV. STAT. § 431:10-206; LA. REV. STAT. 22:616 § 856; MONT. CODE ANN. § 33-15-401; NEV. REV. STAT. § 687B.080; N.M. STAT. ANN. § 59A-18-8; S.D. CODIFIED LAWS § 58-10-6; WASH. REV. CODE § 48.18.060 and WYO. STAT. ANN. § 48-18-060. American Greetings' violation of OKLA. STAT. tit. 36, § 3607 and the virtually-identical laws of Alaska, Arizona, Hawaii, Louisiana, Montana, Nevada, New Mexico, South Dakota, Washington and Wyoming were affirmative, unlawful acts that prevented employees from learning about the policies or that American Greetings stood to receive policy benefits upon their deaths.

21. The Plaintiff believes, and therefore alleges, that American Greetings bought its policies from Mutual Benefit Life Insurance Company ("MBL"). Employers that bought this type of insurance from MBL have historically implemented a scheme to conceal the policies' existence from the rank-and-file employees. One employer, Camelot Music, Inc., for example, acted with the assistance of MBL to actively conceal from its employees that policies had been placed on their lives. Camelot made the affirmative corporate decision to keep the policies secret from its employees at a meeting of its top executive officers. MBL agreed with that course of conduct and followed the employer's instructions to keep the policies secret. To further its plan of secrecy, MBL arranged to have all benefits from the policies paid to a special account used for executive compensation. The executive compensation account was selected specifically to keep the policies secret. The account had little activity and could not be accessed by anyone other than the employer's accountant. Policy benefits were later transferred from the

7

employer's executive compensation account to its general account so employees would have no way of knowing the origin of the funds. Camelot's former Chief Financial Officer and Vice President of Finance testified:

> Q: Now, Mr. Rogers, Camelot took precautions to prevent the employees from learning of the fact that Camelot had taken insurance on their lives, isn't that correct?
>
> A: That's correct. Yes.
>
> Q: In fact, they even went to the step of making sure that what death benefit proceeds came in did not go into the general account of Camelot; correct?
>
> A: Yes, that's true, because once you let a few people know, a few people are going to tell a few more people and you might as well tell the entire company. If you make the decision to keep this information limited to a small group, you have to work hard to keep it maintained to a small group.

22. Based on the historic conduct of employers that contracted with MBL for these illegal policies, the Plaintiff alleges that American Greetings took similar steps to conceal the existence of its policies from its rank-and-file employees. The extent of American Greetings' concealment, however, can be uncovered only through discovery.

23. American Greetings was uniquely knowledgeable about the subject matter of the policies and its employees did not have an equal opportunity to discover the facts. American Greetings' unique and superior knowledge of the transactions imposed a duty upon it to disclose the material terms of the insurance policies to its employees. American Greetings fraudulently concealed claims that its employees' estates have to the policy benefits because it did not make such a disclosure.

24. Because of American Greetings' acts and omissions, no person of ordinary prudence, including the Plaintiff, could have discovered that American Greetings had secretly purchased the policies and illegally received policy benefits as a result of employees' deaths. No

person of ordinary prudence could have anticipated that American Greetings would violate applicable law by secretly buying illegal insurance policies on employees' lives. Because of American Greetings' intentional efforts to keep the policy benefits secret, no person of ordinary prudence could have discovered that American Greetings was holding the illegal policy benefits. As a result, the Plaintiff did not discover the claims asserted in this case until 2010 and American Greetings should be equitably estopped from contesting the timeliness of this pleading.

**PRAYER**

The Plaintiff, individually and on behalf of all others similarly situated, asks for the following:

(a) The prompt certification of a plaintiff class consisting of the estates of American Greetings' Alaska, Arizona, Hawaii, Louisiana, Montana, Nevada, New Mexico, Oklahoma, South Dakota, Texas, Washington and Wyoming former rank-and-file employees whose deaths resulted in the payment of policy benefits to American Greetings from the insurance policies described above;

(b) a final judgment declaring that American Greetings did not have the necessary insurable interest in the lives of Ruthie Collier or the decedents of the estates comprising the putative plaintiff class;

(c) a final judgment awarding the Plaintiff and members of the putative plaintiff class all benefits American Greetings received from the policies in accordance with OKLA. STAT. tit 36 § 3604 (B); Alaska STAT. § 21.42.020 (b); ARIZ. REV. STAT. § 20-1104 (B); HAW. REV. STAT. § 431:10-204 (c); LA. REV. STAT. § 22:613 (B); MONT. CODE ANN. § 33-15-201 (2); NEV. REV. STAT. § 687B.040 (2); N.M. STAT.

ANN. § 59A-18-4 (B); S.D. CODIFIED LAWS § 58-10-5; WASH. REV. CODE § 48.18.030 (2); WYO. STAT. ANN. § 26-15-102 (b) and Texas common law; and

(d) pre-judgment and post-judgment interest in an amount allowed by law.

The Plaintiff prays for costs and attorneys' fees, and any other relief, in law or equity, to which he is entitled.

Respectfully submitted,

**TAYLOR, BURRAGE, FOSTER, MALLETT, DOWNS, RAMSEY & RUSSELL**

By: __/s/ Stratton Taylor__
Stratton Taylor, OBA # 10142
staylor@soonerlaw.com
Sean Burrage, OBA # 15078
sburrage@soonerlaw.com
400 West Fourth Street
P.O. Box 309
Claremore, Oklahoma 74018
Telephone: (918) 343-4100
Facsimile: (918) 343-4900

**MCCLANAHAN ● MYERS ● ESPEY, L.L.P**.

Michael D. Myers, OBA # 21927
Robert H. Espey, II
3355 West Alabama, Suite 210
Houston, Texas 77098
Telephone: (713) 223-2005
Facsimile: (713) 223-3664

*ATTORNEYS FOR THE PLAINTIFF*

10