# EXHIBIT A

# SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement"), subject to the approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, is made and entered into by and among: (1) Theresa Baker, as the Personal Representative of the Estate of Richard Wolfe, and Kevin Collier, as the Personal Representative of the Estate of Ruthie Collier (the "Named Plaintiffs"), individually and on behalf of others similarly situated, and (2) Defendant American Greetings Corporation ("American Greetings").

1. **Certain Definitions**

As used in this Agreement, the following terms shall have the following meanings:

   a) "Actions" mean *Theresa Baker, as the Personal Representative of the Estate of Richard Wolfe v. American Greetings Corp.*, Case No. 1:12-CV-65, and *Kevin Collier, as the Personal Representative of the Estate of Ruthie Collier v. American Greetings Corp.*, Case No. 12-CV-1760, both pending in the United States District Court for the Northern District of Ohio.

   b) "Agreement" means this settlement agreement.

   c) "Class Counsel" means attorneys at: McClanahan, Myers & Espey, L.L.P., 3355 West Alabama, Suite 210, Houston, Texas 77098; Murray and Murray Co., L.P.A., 111 East Shoreline Drive, Sandusky, Ohio 44870-2517; and Taylor, Burrage, Foster, Mallett, Downs, Ramsey & Russell, 400 West Fourth Street, P.O. Box 309, Claremore, Oklahoma 74018.

   d) "Court" means the United States District Court for the Northern District of Ohio.

   e) "Insured Employee(s)" means the former American Greetings employees (i) who are deceased; (ii) who were not officers or directors of American Greetings; (iii) who were insured under one of the following corporate owned life insurance plans: Provident Life & Accident 61153, Providence Life & Accident 61159, Mutual Benefit Life Insurance Company 111, Connecticut General ENX219, and Hartford Life Insurance Company 361; and (iv) for whom American Greetings has received a death benefit.

   f) "Order of Final Approval and Final Judgment" means the proposed order to be entered by the District Court approving the settlement in this Agreement.

   g) "Parties" mean collectively (1) the Class Representatives, Theresa Baker, as the Personal Representative of the Estate of Richard Wolfe, individually and on behalf of the Settlement Class, and Kevin Collier, as the Personal Representative of the Estate of

1

Ruthie Collier, individually and on behalf of the Settlement Class, (2) the Settlement Class, and (3) American Greetings.

**h)** "Released Parties" mean American Greetings and each of its current and former directors, officers, employees, shareholders, attorneys, accountants, agents, subsidiaries, parents, affiliates, insurers, insurance brokers, co-insurers, heirs, executors, administrators, predecessors, successors, assigns, financial advisors, banks, investment bankers, underwriters, representatives, associates, trustees, general and limited partners and partnerships, consultants, auditors, divisions, joint ventures, related or affiliated entities, and any entity in which American Greetings has or had a controlling interest.

**i)** "Settlement Class" means the class members encompassed by paragraph 4 of this Agreement.

**j)** "Settled Claims" mean any and all petitions, complaints, actions, suits, claims, demands, rights, liabilities, obligations, controversies, promises, agreements, damages, costs, losses, attorneys' fees, expenses or causes of action, of every nature and description whatsoever, including future claims, at law or in equity, concealed or hidden, or that were asserted or that could have been asserted by any of the Parties against any of the other Parties or Released Parties as a claim that the Settlement Class or American Greetings had or now have, which arise out of, or could have been asserted based upon, or will be asserted, or relate in any way to:

    1)    corporate-owned life insurance policies ("COLI"); or

    2)    the defense, settlement or resolution of the Actions.

## 2. Negotiations

The first of these cases, *Collier*, was filed in 2010. Following two unsuccessful settlement conferences in the *Collier* action, the *Baker* action was filed and the Actions together purported to make claims on behalf of Insured Employees in all 50 states. The Parties engaged in discovery, exchanging information about American Greetings' COLI program, retained expert witnesses, and American Greetings sought to dismiss certain claims, asserting them to be time-barred. The Parties then sought a stay of the litigation to allow for mediation of the Actions. On January 18, 2013, the Parties held a full day mediation with a private, experienced mediator in San Francisco, California, to assist with a potential resolution of the Actions. As a result of these efforts, the Parties have agreed upon a settlement that, if approved by the Court, will resolve all

COLI claims against American Greetings that could have been raised by the Settlement Class. This Agreement is the culmination of extensive, arm's-length negotiations that occurred following more than two years of litigation, and prior attempts to reach a resolution.

3. **Conditions Precedent and Effective Date**

This Agreement shall become effective on the date when all of the following shall have occurred (the "Effective Date"):

a) all Parties have executed the Agreement;

b) the Court has approved and entered the Order of Preliminary Approval attached hereto as **Exhibit A**, or has entered an order that is similar in all material respects;

c) the Court has approved this settlement, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

d) the Court has approved and entered the Order of Final Approval and Final Judgment set forth in **Exhibit B** attached hereto, or has entered an order that is similar in all material respects, and the Order of Final Approval and Final Judgment is final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or the Order of Final Approval and Final Judgment is affirmed in all material respects after completion of the appellate process).

4. **The Settlement Class**

For the purpose of settlement only, the Parties agree to the certification of a Settlement Class defined as:

> the estates and heirs of all former American Greetings employees (i) who are deceased; (ii) who were not officers or directors of American Greetings; (iii) who were insured under one of the following corporate owned life insurance plans: Provident Life & Accident 61153, Providence Life & Accident 61159, Mutual Benefit Life Insurance Company 111, Connecticut General ENX219, and Hartford Life Insurance Company 361; and (iv) for whom American Greetings has received a death benefit on or before the date on which the Court enters the Order of Preliminary Approval.

The Parties further agree that in the event that this Agreement does not become effective for any reason, their agreement to certification of the Settlement Class shall have no effect in

continued litigation of the Actions and shall be inadmissible as evidence for any purpose in either of the Actions or any other legal proceeding.

5.  **Settlement Consideration**

American Greetings shall pay the following consideration to the Settlement Class, and none other:

   a) American Greetings shall pay the Settlement Class $12,500,000.00 ($12.5 million) (the "Class Fund") for the release as stated in paragraph 12 of this Agreement. The Class Fund includes all costs, attorneys' fees, administrative fees, taxable costs of court, and payments of any kind. The Class Fund shall be paid in a single payment into a Settlement Trust as set forth in paragraph 8 of this Agreement.

   b) On joint motion of the Parties, as provided for below in paragraph 6 of this Agreement and at the Court's discretion, proper notice shall be given to the Settlement Class. All expenses that the Court determines are necessary to provide this notice shall be treated as taxable costs of court, to be paid from the Class Fund.

   c) Regardless of the number of Settlement Class members who make claims against the Class Fund, no portion of the Class Fund shall revert to American Greetings.

6.  **Approval Procedure and Notice**

These provisions describe the process that the Parties have agreed to for obtaining Court approval of this Agreement and for providing notice of the settlement to the Settlement Class.

   a) **Motion for Preliminary Approval – Exhibit C:** Attached as **Exhibit C**, and incorporated by reference, is the Parties' Joint Motion for Preliminary Approval of Settlement Agreement, Conditional Consolidation of Actions, Conditional Certification of the Settlement Class, Conditional Appointment of the Class Representatives and Class Counsel, and Approval of Notice of Class Certification and Settlement (the "Preliminary Approval Motion"). The Parties shall file **Exhibit C** promptly after execution of this Agreement, and shall request that the Court enter an Order (i) granting the Preliminary Approval Motion in the form set forth in the Order of Preliminary Approval (**Exhibit A**), and (ii) directing that the forms of notice of the proposed settlement, attached as **Exhibits D** and **E** and incorporated herein by reference, be issued according to the procedure described below in Section 6(b).

   b) **Mailed Notice – Exhibit D:** American Greetings has provided Class Counsel with the names and Social Security numbers of the Insured Employees. Class Counsel shall utilize this information to obtain names and addresses of those individuals who may be the heirs of the Insured Employees. Within five business days after the Court's Order granting the Preliminary Approval Motion, Class Counsel shall cause **Exhibit D** to be

CLI-2071878v1

4

mailed by first-class mail to identified potential heirs, executors, and/or administrators. If said mailing is returned or undeliverable, Class Counsel shall make reasonable investigative efforts to obtain mailing addresses for these potential heirs, executors, and/or administrators, including (but not limited to) requesting that American Greetings provide information of the identity, and/or addresses of surviving relatives of Insured Employees that is reasonably available from its personnel files.

Class Counsel shall, thereafter, make a subsequent mailing of **Exhibit D** to any updated addresses.

c) **Published Notice – Exhibit E:** Within ten business days after the Court's Order granting the Preliminary Approval Motion, Class Counsel shall cause **Exhibit E** to be published as a one-time one-sixteenth page newspaper advertisement in an edition of the following newspaper: USA Today.

d) **Order of Final Approval – Exhibit B:** Attached as **Exhibit B** and incorporated by reference is the Parties' proposed Order of Final Approval and Final Judgment that the Parties will request that the Court enter following notice to the Settlement Class and a hearing on the fairness and adequacy of this Agreement pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. **Class Counsel's Expenses**

Subject to the Court's sole discretion, Class Counsel's taxable and non-taxable litigation costs and expenses related to the Actions shall be paid from the Settlement Trust, as described in paragraph 8 of this Agreement.

8. **Settlement Trust**

A settlement trust shall be created to hold the proceeds of this settlement as follows:

a) Prior to a hearing on preliminary approval, Class Counsel shall establish a trust account with a bank (the "Settlement Trust") to receive and hold the Class Fund. The bank or another entity appointed by the Court shall be the "Settlement Administrator" that shall perform the services described below. The Settlement Administrator shall be paid from the Settlement Trust as described within this Agreement.

b) No later than five (5) business days after the Court grants the Order of Final Approval, American Greetings shall deliver to the Settlement Trust $12,500,000, as required by paragraph 5(a) of this Agreement.

c) Once the Order of Final Approval and Final Judgment is final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or the Order of Final Approval and Final Judgment is affirmed in all material

respects after completion of the appellate process), the ownership of the Settlement Trust shall transfer to the Settlement Class and be distributed as ordered by the Court.

**d)** In the event that the Court denies final approval of the proposed class settlement or the order granting final approval is denied finality for any reason, or if American Greetings voids this Agreement pursuant to paragraph 13 below, the funds within the Settlement Trust shall be paid to American Greetings within three (3) business days.

9. **Claim Process and Distribution of the Settlement Trust**

It is the Parties' intent that each eligible claimant be paid a fair proportion of the Settlement Trust. Unless the Court orders an alternative distribution plan (in which case the Court's order will replace this plan), the Settlement Amount with all earned interest, but less all necessary expenses, shall be distributed as follows:

a. **The Claim Period and Grace Period**

The claim period begins on the date the Order of Final Approval is signed and will continue for ninety (90) days. The grace period will last an additional ninety (90) days. The grace period is only to allow additional time for claimants who made a claim during the claim period to gather the necessary proof to demonstrate heirship or appointment as the estate's administrator or executor. The grace period does not extend the time to submit claims.

b. **Authorized Claimants and Required Proof for the Claim**

Claims for a settlement distribution must be supported by evidence demonstrating that the claimant is entitled to the receipt of settlement funds in the form of an order signed by a court that establishes the claimant as executor or administrator of a proper class member's estate. If there is no such executor or administrator of an estate, then the decedent's heirs may claim settlement benefits. The heirs must submit adequate proof of their heirship, such as a court order declaring the heirs or any other suitable document recognized by the applicable state law. The proof of heirship must state all of the decedent's heirs and each named heir will be entitled to the appropriate fraction of the estate's interest in the settlement funds.

c. **Distribution of Funds**

After the judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed after completion of the appellate process), the Claim Period has ended, and American Greetings has advised the Class Counsel and the Settlement Administrator that it will not invoke the option identified herein to cancel the agreement because of opt outs, the Settlement Administrator will pay all valid claims approved by the Parties' counsel. A valid claim is one that: (1) relates to a former employee of American Greetings who is described by the class definition; (2) is supported by a valid order appointing claimant as the administrator or executor of the class member's estate or acceptable documentation defining the deceased employee's heirs; and (3) is postmarked on or before the last day of the claim period. A claim must state the name and correct social security number of the deceased employee whose life was covered by the COLI policy as well as the notarized signature of the individual filing the form.

The Settlement Administrator will identify the number of claims submitted before the end of the claim period and the Class Fund, less any distributions ordered by the Court, will be divided by that number so that each claiming estate is entitled to an equal distribution from the trust. The Settlement Administrator will pay each claimant who submitted a valid claim within a reasonable time following the end of the claim period. Those claimants who did not submit the necessary proof to demonstrate heirship or appointment as the estate's administrator or executor may do so during the grace period. Within a reasonable time following the end of the grace period, the Settlement Administrator will pay the claims of the claimants who submitted the necessary proof during the grace period. For the remaining claimants who submitted claims but never submitted the necessary proof to demonstrate heirship or appointment as the estate's

administrator or executor, the Settlement Administrator shall deposit that estate's portion of the Class Fund with the lost funds division of the appropriate state government in the name of the estate of the deceased employee and notify the unpaid claimants of the deposit.

Except as provided under paragraph 8(d) of this Agreement, the Settlement Trust shall not be returned to American Greetings.

**10. Dispute Resolution**

Once this Agreement is executed by the Parties, the Court will resolve all disputes that arise as to the interpretation or enforcement of this Agreement. The Parties agree to the United States District Court for the Northern District of Ohio's exclusive jurisdiction over their persons and the subject matter.

**11. Publicity**

Unless otherwise agreed to in writing or as described in this Agreement, neither American Greetings nor Class Counsel shall affirmatively publicize this settlement in the media, such as, but not limited to, sending out press releases or otherwise contacting reporters; however, American Greetings may make any such release that the law requires it to make. If first contacted by the media, American Greetings or Class Counsel may make such comments as they choose within the parameters of the media inquiry that are consistent with the terms of this Agreement. Class Counsel shall be free always to advise any actual or potential member of the Settlement Class.

**12. Release**

The Parties mutually release all Settled Claims, including all claims of members of the Settlement Class who do not exclude themselves from the class in accordance with the Court's requirements as stated in the class notice, as follows:

a) Pursuant to the Order of Final Approval and Final Judgment, upon the Effective Date of this Agreement, the Class Representatives and Settlement Class, on behalf of themselves, their heirs, executors, administrators, attorneys, agents, successors and assigns shall be deemed to have, and by operation of the Order of Final Approval and Final Judgment shall have, with respect to each and every Settled Claim, fully, finally and forever released, relinquished and discharged, and shall forever be enjoined from prosecuting, any Settled Claims against any of the Released Parties. Such release and bar from prosecution shall be effective whether or not such Settlement Class member submits a Proof of Claim.

b) Pursuant to the Order of Final Approval and Final Judgment, upon the Effective Date of this Agreement, the Class Representatives, on behalf of themselves, the Settlement Class, and Class Counsel shall dismiss the Actions with prejudice.

c) Pursuant to the Order of Final Approval and Final Judgment, upon the Effective Date of this Settlement, each of the Released Parties shall be deemed to have, and by operation of the Order of Final Approval and Final Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Class Representatives, and Settlement Class members from all claims, including unknown claims, which arise out of, are or could have been asserted based upon, or relate in any way to the institution, prosecution, settlement or resolution of the Actions or the Settled Claims.

d) The definition of Settled Claims shall not impair or restrict (1) the rights of the Parties to enforce the settlement set forth in this Agreement, or (2) the rights of American Greetings to seek indemnity or contribution for the payment herein from non-released persons or entities that it considers legally responsible, in whole or in part, for the Actions or payments made herein, including but not limited to, American Greetings' insurers, brokers or consultants.

13. **American Greetings' Option**

American Greetings may, at its option, void this settlement under either of two conditions. First, American Greetings may void the settlement if any Named Plaintiff opts-out of the settlement. Second, American Greetings may void the settlement if more than 20 potential members of the Settlement Class timely and validly request exclusion from the Settlement Class.

14. **Potential Resumption of Litigation**

If American Greetings exercises its option under paragraph 13 of this Agreement, or if the Court denies the Preliminary Approval Motion or if there is no Order of Final Approval and Final Judgment, the Parties agree to file any motions necessary to reinstate the Settled Claims

and resume the Actions as to the Settled Claims. If the Actions are reinstated and resumed, this Agreement shall be inadmissible as evidence in any civil action or proceeding.

15. **American Greetings' Denial of Liability**

American Greetings has denied, and continues to deny each and every allegation of liability and any wrongdoing whatsoever made against it in the Actions. American Greetings also has denied and continues to deny the allegations that the Class Representatives or Settlement Class have suffered damages or that the Class Representatives or Settlement Class were harmed by the conduct alleged in the Actions, or that these Actions may be maintained or certified as class actions. This Agreement shall in no event be construed or deemed evidence of or an admission or concession on the part of American Greetings with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that American Greetings has asserted.

Nonetheless, without admitting any wrongdoing or liability whatsoever, American Greetings has entered into this Agreement solely to avoid the continuing additional expense, inconvenience and distraction of this burdensome litigation and to avoid the risks inherent in any lawsuit, especially in complex cases like the Actions. By doing so, American Greetings desires to settle, compromise and terminate the Actions, and to put to rest forever all claims that have been or could have been asserted against it in or relating to the Actions.

## MISCELLANEOUS PROVISIONS

16. This Agreement may not be modified or amended, nor may any of its provisions be waived except by a writing signed by Class Counsel, on behalf of all class members, and by American Greetings or by their successors-in-interest.

17. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

18. This Agreement is the Parties' entire agreement concerning the settlement of the Actions, and no representations, warranties, or inducements have been made by any Party hereto concerning this Agreement other than those contained and memorialized in this Agreement and its attachments.

19. The Parties agree that the amount paid and the other terms of this Agreement were negotiated at arm's length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

20. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

21. Class counsel represents and warrants that they are not counsel of record in any pending case, other than the Actions, that asserts claims against American Greetings relating to COLI.

22. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into which or with which any Party hereto may merge, consolidate or reorganize.

23. The construction, interpretation, operation, effect and validity of this Agreement, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of Ohio without regard to conflicts of laws.

24. This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one

of the Parties, it being recognized that it is the result of arm's length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Agreement.

25.     All counsel and any other person executing this Agreement and any of the attachments hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effect its terms.

26.     **Signatures**

The following agree to this settlement:

_____
Theresa Baker, individually and as the personal representative of the Estate of Richard Charles Wolfe

_____
Kevin Collier, individually and as the personal representative of the Estate of Ruthie Collier

_____
Michael D. Myers, attorney for the Plaintiffs

_____
_____, on behalf of American Greetings Corp

of the Parties, it being recognized that it is the result of arm's length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Agreement.

25. All counsel and any other person executing this Agreement and any of the attachments hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effect its terms.

26. **Signatures**

The following agree to this settlement:

_____
Theresa Baker, individually and as the personal representative of the Estate of Richard Charles Wolfe

_____
Kevin Collier, individually and as the personal representative of the Estate of Ruthie Collier

_____
Michael D. Myers, attorney for the Plaintiffs

_____

_____, on behalf of American Greetings Corp.

CLI-2071878v1

12

23. The construction, interpretation, operation, effect and validity of this Agreement, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of Ohio without regard to conflicts of laws.

24. This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Agreement.

25. All counsel and any other person executing this Agreement and any of the attachments hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effect its terms.

26. **Signatures**

The following agree to this settlement:

_____ P.R.
Theresa Baker, individually and as the personal representative of the Estate of Richard Charles Wolfe

_____
Kevin Collier, individually and as the personal representative of the Estate of Ruthie Collier

_____
Michael D. Myers, attorney for the Plaintiffs

of the Parties, it being recognized that it is the result of arm's length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Agreement.

25. All counsel and any other person executing this Agreement and any of the attachments hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effect its terms.

26. **Signatures**

The following agree to this settlement:

_____
Theresa Baker, individually and as the personal representative of the Estate of Richard Charles Wolfe


_____
Kevin Collier, individually and as the personal representative of the Estate of Ruthie Collier


Michael D. Myers, attorney for the Plaintiffs
_____

_____
Christopher W. Haffke, on behalf of American Greetings Corp